DECISION
This matter is before the court on Defendant's, Lee Wehrley, Motion to Dismiss Plaintiff's charges that he violated a Middletown ordinance prohibiting the riding of horses on the town's beaches during the summer season.
 Travel/Facts
In 1998, ordinance §§ 94.31 (I)(1) through (6) were enacted by the Town of Middletown. These sections specifically govern horseback riding on town beaches, prohibiting such activity for the period of Memorial Day to Labor Day. On August 8. 1998, the Defendant allegedly rode from the Newport Equestrian Center to and along Third Beach in violation of § 94.32 (I)(1). The defendant was issued a summons to appear in Middletown Municipal Court. After trial, the Defendant was found guilty and fined $250.00. The instant appeal ensued.
Town Ordinance Does Not Violate Rhode Island Constitution Art. I. § 17
In support of his motion, the Defendant submitted a Memorandum in which he first argues that §§ 94.32 (I)(1) through § 94.32 (I)(6) do not prohibit the riding of homes on that part of the shore between high and low water marks adjacent to the beach. What ensues is a lengthy discussion of the difference between "beach" and "shore." This Court agrees with the Plaintiff on the fact that Defendant's attention to this particular argument "begins to take on the aspect of a `dead horse' being mercilessly flayed". Memorandum of Law in Support ofPlaintiff's Objection to Defendant's Motion to Dismiss at 6. For the instant case, discussion of such minutiae is not necessary because this Court finds that the Defendant could be in violation of a valid and clearly articulated town ordinance. Therefore, for our purposes, we need not decipher what if any distinction there is between "beach" and "shore."
The defendant's second argument is that the Middletown ordinance is vague and does not give the Defendant instruction regarding the proscribed conduct. "The charge does not indicate what are the boundaries of the property lines of the so-called "beach" on which Wehrley was allegedly riding his horse."Defendant's Supplementary Memorandum of Law in Support of HisMotion to Dismiss, at 3, citing State v. Ibbison, 448 A.2d 728, 733 (R.I. 1982).
In addressing this argument the Court adheres to the well established principles of statutory construction which our Supreme Court has adopted. Where the terms and express language of a statute are clear and unambiguous, then those words must be given their plain and obvious meaning. Gelch v. State Board ofElections, 482 A.2d 1204, 1223 (R.I. 1984); see also In ReAdvisory Opinion to the Governor, 504 A.2d 456, 459 (R.I. 1986). The plain and ordinary meaning of the statute is "presumed to be the one intended by the Legislature and the statute must be applied literally." Gelch, 482 A.2d at 1222; In Re AdvisoryOpinion, 504 A.2d at 459 (R.I. 1986) (citing Exeter-WestGreenwich Regional School District v. Pontarelli, 460 A.2d 934, 936 (R.I. 1983)).
The Middletown Horse Ordinance Reads:
 § 94.31 (I)(1) During the period from the Saturday before Memorial Day to the Sunday after Labor Day, no person shall ride any horse upon Sachuest or Third Beaches.
 § 94.31 (I)(2) No person shall ride any home in areas located at Sachuest or Third Beaches designated as sand dunes or upon paths or walkways providing pedestrian access to the beaches, or upon any portion of any building or structure located at Sachuest or Third Beaches.
 § 94.31 (I)(3) No person shall ride any horse upon Sachuest or third Beaches except upon that part of the shore between high and low water marks adjacent thereto.
 § 94.31 (I)(4) No person riding any horse shall enter or leave Sachuest Beach except from the ramp area located to the west end of the west parking area at "Rock" so-called.
 § 94.31 (I)(5) No person riding any horse shall enter or leave Third Beach except from the boat ramp, so-called, or from the right-of-way abutting Peabody's Beach, so-called.
 § 94.31 (I)(6) No person shall ride any horse upon Sachuest Beach or Third Beach upon that part of the shore between high and low water marks adjacent thereto in such manner as may create a hazard to himself/herself or as may endanger the lives or safety of any member of the public or their property." Town of Middletown Code of Ordinances, § 94.31 (I) (1) Through (6).
Read together, assuming the plain meaning of these words, this Court interprets this statute to allow horse back riding on the Town beaches except for the specific period of time mentioned in 94.3 (I)(1). During that designated period, no horses are allowed on any part of Sachuest or Third Beach. However, the rest of the year, horses way be ridden in accordance with the guidelines set forth in §§ 94.31 (I)(2) through (6). Accordingly, this Court finds no merit to Defendant's argument that the Middletown ordinance is vague, as the perimeters governing horse riding seem clear.
Finally, the Defendant maintains that the prohibition of horseback riding on town beaches is a violates Article 1 Section 17 of the Rhode Island Constitution. The Plaintiff objects to this argument on the grounds that Middletown Town Council is authorized to enact ordinances directed at the protection of the public and their natural resources. Memorandum of Law in Supportof Plaintiff's Objection To Defendant's Motion To Dismiss at 6.
Cognizant of the fact that our Supreme Court was presented with this same question in Hourihan v. Middletown, No. 98-359 (1998)[1], this court looked to that decision for guidance. InHourihan, the Court found that the Middletown ordinance prohibiting the riding of horses on beaches during the summer months was valid. The Court supported its findings solely upon the authority granted communities under G.L. 1956 § 45-6-1
and Section 2 of article 13 of the Rhode Island Constitution [hereinafter, the Home Rule Article]. To this Court's disappointment and dismay, the scant three page decision summarily disregarded the issue of Article I § 17, stating only that it had "considered the plaintiffs' other arguments and finds them to be without merit."
The fact that this Court is bound by the decisions of our highest court is elementary, however, it is this Court's opinion that the Constitutional issue raised by the plaintiffs' inHourihan with regard to Article I § 17 warranted sufficient discussion. Therefore, since this beast again rears its ugly head, this Court will, if not slay this Constitutional question, at least keep the beast at bay by offering some analysis of the issue.
Article I § 17 of the Rhode Island Constitution states that "the people shall continue to enjoy and freely exercise . . . the privileges of the shore, to which they have been heretofore entitled under the charter and usage's of this state, including but not limited to passage along the shore." Passage is not limited, by the language in this Article, to foot traffic. Since horse back riding has been a traditional mode of passage even along beaches, it is a safe interpretation that the drafters of our Constitution contemplated its preservation. However, this case is not about an absolute ban on riding horses along the shore.
Both this and the Supreme Court had opportunity to contemplate and comment upon Article I § 17 in a similar beach access claim in Cavanaugh, et. al. v. Town of Narragansett, WC 91-0496 (1997). In Cavanaugh, the plaintiffs challenged the Town's imposition of a fee in exchange for beach access.[2] The plaintiffs argued "Art. I, § 17 of the Rhode Island Constitution and various other state and federal constitutional and statutory provisions provide the people with the right to `free access' to the shore and that the town's beach access fee violates this right" Cavanaugh at 4. After a detailed analysis of Art I, § 17 and the Home Rule Charter, this Court held that there was no legal bar to the establishment of a beach access fee.
Here, as in Cavanaugh, the Court starts it analysis with the proposition that it is the Plaintiffs who must establish that a right of access to and along the shore exists and that this right has been deprived. For the following reasons, this Court finds that the defendant in this matter has not sufficiently proven that he is deprived of his right to access the beach in violation of Article I § 17.
The Constitution preserves the right to enjoy and exercise certain privileges. Specifically, section 17 ensures that people shall be secure in their rights to use and enjoy the natural resources of the state with due regard for their preservation. But, this section does not ensure that the exercise of such rights will be totally unburdened by any governmental regulation intended to preserve such natural resources, to secure their existence for future generations and to protect the rights of all people to enjoy this states natural beauty. In fact, the latter part of Section 17 reserves to the General Assembly the authority to monitor and preserve the natural resources of this state.
The Defendant is not prohibited from riding horses on the beach except three months during the summer when the beaches are highly populated. During these summer months, there is no prohibition on the Defendant's use of or passage on the beach without a horse. Therefore, this time limited ban allows all but the four legged creature to take advantage of the Town beaches.
Not only is this reasonable, but it conforms to the ideals of the State Constitution which seek to preserve not only our state's natural resources but the peoples' right to enjoy them. Furthermore, this finding is in line with that of the Supreme Court which, in Hourihan et al. v. The Town of Middletown, 98-359 Appeal of C.A. 98-255, held that "because the ordinances clearly concern the `preservation of the public peace, health, safety, comfort and welfare' of the users of the beaches of the town, they also fall within the authorization granted by the Middletown Home Rule Charter."
Accordingly, the Defendant's Motion to Dismiss is hereby denied.
[1] The Newport Equestrian Academy was a named plaintiff inHourihan v. Middletown. The present defendant, Lee Wehrley, was employed by the Newport Equestrian Academy at the time he was cited for riding on the Middletown Beach.
[2] In Cavanaugh the plaintiffs were seeking perpendicular rather than lateral access to the beaches.